## *Ex parte* I. N. McCLURE.

No. A-1442.   Opinion Filed October 28, 1911.

(118 Pac. 591.)

1.   **PARDON—Power of County Court—Release From Jail—Effect on Sentence.** The pardoning power, after conviction, is, under the Constitution, vested exclusively in the Governor. No court in this state has any pardoning power, and, where a defendant sentenced to imprisonment for six months in the county jail is released at the expiration of one month without authority of law, by order of the county court, the time of his absence cannot be considered as spent in jail in satisfaction of the sentence.

2.   **HABEAS CORPUS—Grounds—Want of Jurisdiction.** While it is well settled that mere irregularity in proceedings resulting in the imprisonment, however, flagrant, is not sufficient ground to discharge on habeas corpus, yet, if the petitioner be imprisoned under a judgment of a court which was without jurisdiction to render the judgment complained of, such want of jurisdiction may be inquired into on habeas corpus, and, if found to exist, is ground for a discharge of the petitioner.

3.   **JUDGMENT—Conviction—Sentence.** A judgment of conviction and sentence must conform to the punishment prescribed, and be enforced in conformity with the statute.

4.   **SAME—Jurisdiction—Sentence.** Jurisdiction to render the particular judgment and sentence imposed is as essential to its validity as jurisdiction of the person and the cause.

(Syllabus by the Court.)

Application of I. N. McClure for writ of *habeas corpus*. Writ allowed.

*Z. B. Sanders* and *E. G. McAdams,* for petitioner.

*Robert Wimbish,* Co. Atty., for respondent.

DOYLE, J.  The petitioner, I. N. McClure, was tried and convicted in the county court of Pontotoc county upon an information filed therein September 13, 1911.  The charging part of said information is as follows:

"Did on or about the 13th day of September, 1910, unlawfully, wrongfully, and wilfully go into and near the field of one F. A. Thomas, there situated, and did then and there, in the presence and hearing of the said F. A. Thomas and W. H. Hatcher and Mrs. W. H. Hatcher, use loud and vociferous language, and did use vulgar, obscene, and indecent language, and did curse and swear in such a manner as did openly outrage public decency, and public morals, and did then and there injure the persons aforesaid."

On December 19, 1910, petitioner was adjudged guilty of the crime of disturbing the peace, and was sentenced to be confined in the county jail of said county for a period of six months, and to pay a fine of $100 and costs of prosecution; that, in default of the payment of said fine and costs, said defendant be further confined in said county jail until said fine and costs were fully paid or satisfied according to law.  Upon a commitment issued on said judgment, petitioner was confined in the county jail.  On the 18th day of January the county court made an order fixing the amount of his bail bond, which was given, and petitioner was by order of the court released from said imprisonment.

It is alleged in the petition:

"That it was not intended at the time said order fixing the amount of his appeal bond, and extending the time for perfecting his appeal and making and approval of his supersedeas bond that his appeal would or should ever be perfected, but, on the contrary, it was specially agreed and understood by and between your petitioner and his attorneys, Galbraith & Sanders, and the said county judge, that your petitioner would file said bond and be discharged from prison on probation during good behavior, and that one of the conditions upon which your petitioner was discharged from prison was that he should report to his honor, Conway O. Barton, said county judge, twice a month for a suffi-

cient length of time to his honor that your petitioner was refraining from the use of intoxicating liquors. That your petitioner did for several months report as required by the court twice a month in person at the office of said court in the city of Ada, Okla., until along in the summer of 1911, when the said court advised your petitioner that he might report once a month, which he did until the ———— day of ————, 1911, when he reported, and, after having a conversation with the said court, was advised that he was satisfied with his conduct, and that he need not report further. That your petitioner was led to believe by said court, and did believe that he was discharged from any and all liabilities under said judgment, and for that reason made no attempt to perfect his said appeal. That but for the understanding with said court that he would be and was discharged from said judgment he would have perfected his appeal in said cause. That by reason of the above agreement and arrangement with said court your petitioner lost his right of appeal, and to have his case reviewed by the Criminal Court of Appeals. * * * That although your petitioner was by order of the court on the 18th day of January, 1911, released and discharged from his said imprisonment on probation, he was on the 12th day of October, 1911, re-arrested and committed to said jail. That no order, warrant, commitment, or decree commanding the arrest of your petitioner has been issued by his honor, Conway O. Barton, county judge in said cause, since the original judgment entered on the 19th day of December, 1910. * * * That your petitioner is now ready and willing to pay his said fine and costs, and has been ever since the date of the expiration of his said term of imprisonment."

The petition contains certified copies of the information, judgment, and order of release. It was filed and presented to this court on October 23d. The respondent, L. E. Mitchell, sheriff of Pontotoc county at that time, appeared by Robert Wimbish, county attorney. The presence of the petitioner and respondent was waived. The respondent's return was filed, and the cause was then and there argued and submitted.

The contention on behalf of petitioner that the unexecuted part of the judgment and sentence of imprisonment has been fully satisfied by the orders of the county court is not well founded. Where a judgment of imprisonment is not stayed as provided by law, and the defendant has not served his sentence and

is at liberty, he may be arrested as an escape and ordered into custody upon the unexecuted judgment. *Ridley v. State,* 3 Okla. Cr. 350, 106 Pac. 549, 26 L. R. A. (N. S.) 110; *Ex parte Eldridge,,* 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625; *Ex parte Alexander,* 5 Okla. Cr. 196, 113 Pac. 993.

The county court was without power or authority to grant a parole. Under the Constitution that is the prerogative of the supreme executive power vested in the Governor, and the only effect of the order discharging petitioner on probation during good behavior was to modify the judgment imposing the fine and directing imprisonment until such fine is satisfied by making the fine in effect nothing more than a civil judgment to be satisfied by execution as on a judgment in civil action. To that extent only could the court modify the judgment rendered.

The important question presented in this proceeding on the uncontroverted facts is: Did the county court have the power or authority to render the judgment and sentence herein entered? The averments of the information are ambiguous, and are not direct and certain as to the offense charged. Evidently the prosecution was had under the mistaken belief that the information was sufficient to charge the offense of disturbing the peace under section 2782, Snyder's Stat. It is a well-settled rule of law that statutes prescribing punishment are to be strictly construed in favor of the defendant, and, where such a statute is capable of two constructions, the construction which operates in favor of the defendant is to be adopted.

The only offense, if any, charged in this information is a violation of section 2056 (Snyder's Stat.) of the Penal Code, which provides:

"If any person shall utter or speak any obscene or lascivious language or word in any public place, or in the presence of females, or in the presence of children under ten years of age, he shall be deemed guilty of a misdemeanor, and upon conviction thereof before any justice of the peace of this state, he shall be liable to a fine of not more than one hundred dollars, or imprisonment for not more than thirty days, or both, at the discretion of said justice."

The county court has original jurisdiction concurrent with justices of the peace in this class of misdemeanors. It is apparent that the judgment and sentence rendered and entered does not conform to the punishment prescribed by the statute for the offense charged. The maximum imprisonment for the offense of which the petitioner was convicted is 30 days. He was sentenced to six months.

The writ of *habeas corpus* does not lie to correct mere irregularity of procedure, where there is jurisdiction of the person and subject-matter. There must be illegality or irregularity sufficient to render the judgment void by reason of the court having exceeded the jurisdiction in the premises.

"While it is well settled that mere irregularity in proceedings resulting in the imprisonment, however flagrant, is not sufficient ground to discharge on *habeas corpus,* yet, if the petitioner be imprisoned under a judgment of a court which had no jurisdiction to render the judgment complained of, such want of jurisdiction may be inquired into on *habeas corpus,* and, if found to exist, is ground for a discharge of the petitioner." (*Ex parte Wilkins, infra,* 115 Pac. 1118.)

"Jurisdiction is said to be of two kinds: First, the power to hear and determine the particular matter and render some judgment thereon; and, second, the power to render the particular judgment which was rendered, and the idea seems formerly to have prevailed that the jurisdiction of courts consisted entirely of the former of these powers, and that a discharge on *habeas corpus* could not be granted merely because the court had no power to render the particular judgment, if it had jurisdiction of the offense and of the person accused. The modern rule is that, even where a court has jurisdiction of the offense charged and of the person of the accused, it may so far transcend its powers in assessing the penalty for the offense by imposing a punishment of a character different from that prescribed by law, or otherwise, that the sentence will be void and furnish no authority for holding the accused in custody, though the conviction on which the sentence was entered was valid and correct; and in such a case the accused may be discharged on *habeas corpus.*" (15 Am. & Eng. Ency. of Law, 170.)

Ordinarily the discharge of a petitioner on *habeas corpus* by reason of a void sentence entered on a valid conviction will

be without prejudice to the right of the prosecution to have judgment and sentence rendered and entered according to law. In the case at bar, however, the petitioner has served the maximum term of imprisonment prescribed by the statute.

A judgment of conviction and sentence must conform to the punishment prescribed and be enforced in conformity with the statute. Upon the record as disclosed by the petition and respondent's return thereto, we are clearly of the opinion that the petitioner is entitled to be discharged.

Wherefore, for the reasons stated in this opinion, the writ of *habeas corpus* is allowed, and the petitioner is discharged from custody.

FURMAN, P. J., and ARMSTRONG, J., concur.