## JOE STEILS v. STATE.

No. A-1434.   Opinion Filed June 6, 1912.

(124 Pac. 76.)

APPEAL—Technical Errors.   Although the court may commit some errors in the trial of a cause, yet, where the record shows the appellant has not been deprived of a substantial right, and the evidence is such as to authorize a conviction, a new trial will not be granted.

(Syllabus by the Court.)

*Appeal from Blaine County Court;*
*Geo. W. Ferguson, Judge.*

Joe Steils was convicted of violating the prohibitory law, and appeals. Affirmed.

Lawyers who attempt to make a purely technical defense, without regard to reason and justice, will see themselves as this court sees them by reading the following lines:

### THE UP-TO-DATE DEFENSE OF CY N. IDE.

(By J. W. Foley.)

#### Remarks by Counsel.

Now, may it please the court and you,
Peers of the realm, who come to do
Your highest duty in the land—
As jurymen, you understand—
I outline briefly for our side
The case for Mr. Cy N. Ide—
My client here—whose whole life shows
Him pure as the new-falling snows;
A victim, I may say, of chance
And much confusing circumstance.

#### Preliminary Objections.

First, then, we ask the court to quash
The whole indictment—pray read Bosh
On Bluff and Bluster, chapter two:
"Ink must be black and never blue;
And if the ink used is not black
'Tis ground to send the whole case back!"
The rule, pray please the court, is plain;
But here I read the law again—
I quote now from authority
Of Blow and Buncombe, chapter three:
"If any 't' shall not be crossed,
Or dot of any 'i' be lost,
These grave omissions, then, shall be
Enough to set defendant free!"
So here we have the law; and see—
Here is a naked, uncrossed "t"!

#### Collateral Exceptions.

So the indictment, then, is wrecked—
Full of omission and defect.
Judge Pinn Hedde, in his able work
On Fifteen Thousand Ways to Jerk
The Props from Prosecution, says:
"A comma, standing out of place
In the indictment, may upset
The very best indictment yet.
Far better Murder should go free
Than we should have an uncrossed 't'!"

#### Particular Error.

So, on these vital points I might
Insist upon my client's right
To be set free; but there are more
On which we set much greater store:
The witness Blank, when on the stand,
Was sworn while raising his left hand;

And so his evidence, no doubt,
The honored court will have thrown out.
And in support of this I read
From Shyster on the High Court's Need
Of Being Even More than Loath
To Tolerate a Left-Hand Oath!

### General Objections.

If this were all, it were enough
To set my client free—see Bluff
On Half a Thousand Reasons Why
The Law Loves a Technicality.
But, lest your honor should refuse
Our claims, my client now renews
Objection to the court, its looks,
Its jurisdiction, and its books;
Objection to the evidence,
Indictment—as to form and sense;
Objection to the desks and chairs,
The tables and state counsel's airs—
In fact, my client now objects
To everything: and he expects
To show, by Bluff, by Crook, by Bragg,
By Shyster, Petti Fogg and Snagg,
By that great friend of crime, D. Lay,
By Trick, by Subb Terr Fuge and Stay,
That he should be set free because
Of all these loopholes in the laws.

### Constitutional Privileges.

My client, Cy N. Ide, now please
The court, no technicalities
Would urge, save that they all transgress
The constitutional—express,
Implied, declared, and specified—
Prerogatives of Cy N. Ide,
Who stands here, making naught but one
Request—that Justice shall be done!
And we are here, as man to man,
And mean to do Her if we can!

### Express Reservations.

Now, please the court, we do not waive
A single right that we can save;
And we except—some more, some less—
To jurors, clerks, and witnesses.
And, having made our attitude
As clear and frank as well we could,
We come now to the minor phase
Of testimony in the case.

## Insanity.

First, we have shown by proof quite plain
That Cy N. Ide is hardly sane.
The eminent Doctor Ale Yay Nisst,
By reflexing my client's wrist
And tapping on his frontal bone,
Finds absence of the Moral Tone.
And Doctor Ekks Spurt finds one ear
The thousandth of an inch too near
The cheek—a symptom, as you see,
Of irresponsibility.
So, by your oaths, you should agree
To Cy N. Ide's insanity,
And so acquit him of intent
And free him, that he may repent.

## The Alibi.

But we have other proofs, if this
Phase of defense may seem amiss:
My client, Cy N. Ide, proves by
His witnesses an a-lie-by.
He was, upon the fatal day
This deed was done, ten miles away;
So, if you find him sane, you're bound
To free him on this other ground,
As jurors who are sworn to do
The will of justice, good and true,
Whichever way you look you will
Find Cy N. Ide impreguable
As truth itself—no crime can lie
With such a perfect a-lie-by.

## Evidence of Self-Defense.

But, if again you are in doubt
Of how this crime has come about,
My client gives sworn evidence
The deed was done in self-defense.
The victim of this homicide
Made fierce attack on Cy N. Ide,
As he so graphically swore,
With sword and pistol—aye, and more!
And, as he shot and stabbed and tried
To end the life of Cy N. Ide,
My client, much to his dismay,
Was forced to shoot or run away;
And so he shot—the deed was done,
Since he was lame and could not run!
So it is plain the evidence
Is ample proof of self-defense.
And so you must acquit, you see,
On one ground, two, or even three!

### No Corpus Delicti.

But not alone on this defense—
This bulwark firm of evidence—
Do we rely; for we have brought
The eminent expert, Tellus Watt,
And he quite sturdily agrees
The victim died of heart disease.
In which event the case must fall,
Since there was no crime done at all.
The eminent expert, Tellus Watt,
Says, in the interval 'twixt shot
And when the bullet struck its mark,
Excitement quenched the vital spark
Within the victim's breast; and he
Died, not of crime, but naturally.
So, here, again, my client stands
And asks acquittal at your hands.

### Exceptions, Requests, Motions, Petitions
### Ad Libitum.

Now, please the court, we ask the case
Dismissed—'tis now the time and place.
And, failing that, we move the court
Instruct the jury to report
A verdict of not guilty! Should
The court not hold our motion good,
We ask the jury to acquit
On any ground it may see fit—
Insanity, if it so please;
Or a-lie-by or heart disease;
Or self-defense. If homicide
Is found, we ask it set aside,
And, failing that, we straightway move
Another trial, that we may prove
A new defense—if 'tis denied,
We ask an appeal certified.
And, failing that, we ask to be
Petitioners for clemency.
And, failing that, we ask but leave
To file petitions for reprieve.
And failing that—well, Cy N. Ide
By then will have grown old and died!

*W. O. Woolman,* for appellant.

*Charles West,* Atty. Gen., and *A. L. Emery,* Co. Atty., for the State.

FURMAN, P. J.  In this case counsel for appellant rely upon a purely technical defense, and manifested great zeal and ability in the presentation of the questions relied upon.  It is

unfortunate for counsel that the days of a purely technical defense, unless based upon a substantial right, have passed and gone, never to return in this state. But counsel did not show wherein his client had been deprived of a single substantial right in the trial of this cause, and the testimony overwhelmingly proved that the appellant was guilty.

There is another matter which courts should seriously consider. The honest, hard-working, tax-burdened people of Oklahoma annually spend more money to enforce their laws than they do to educate their children. In our judgment, they are entitled to consideration; and it is an outrage on law and justice and a crime against society for appellate courts to turn criminals loose who have been legally proven guilty, or to send their cases back, to be retried at the expense of the people, upon legal quibbles which are without substantial justice, and which are only shadows, cobwebs and flyspecks on the law. It is such so-called judicial decisions as these, in civil as well as in criminal cases, that are responsible for the growing demand among the people for the recall of judges. When we have read some of these opinions ( ?), we are impressed with the thought that if the courts do not exercise more care in the future and see that they are courts of justice, as well as courts of law, the people, who are the rightful source of all power, will take the matter into their own strong hands; and there is no telling what the result will be. If we ever have the recall of judges in Oklahoma, it will be the fault of the judges themselves.

From this viewpoint, while we admit that in some respects the rulings of the trial court were not technically correct, yet we fail to find a single instance in which appellant was deprived of a substantial right. Upon the entire record, we have no question whatever but that the jury were entirely justified in convicting appellant. In fact, we do not see how any honest, intelligent, and impartial man could read this record without believing that appellant was guilty as charged. The severe strictures which counsel for appellant made in his oral argument and also in his brief on Felix Epps, Joe Strong, and Mike Riley may all

be true; but this does not help appellant in the least, because the record shows that, as black as these worthies may be, they were the chosen companions, associates, and tools of appellant. Therefore, in denouncing them, appellant's counsel was in effect denouncing his own client. We have time and again stated that lawyers should defend their cases upon their actual merits; and it is high time for them to understand that we mean precisely what we say. It is a waste of time and money to interpose a technical defense to a case in which the defendant should have pleaded guilty.

We find no material error in the record. The judgment of the lower court is therefore affirmed.

DOYLE, J., concurs. ARMSTRONG, J., concurs in affirmance.