## W. M. CAUDILL v. STATE.

No. A-1852. Opinion Filed March 22, 1913.

(130 Pac. 812.)

1. **APPEAL—Dismissal.** An appellant has the right to dismiss his appeal whenever this can be done without prejudice to the rights of the state and the administration of justice.

2. **APPEAL—Remand with Directions.** Where there is a variance between the verdict of the jury and the sentence of the court, or whenever the judgment is incomplete, which can be corrected without depriving the appellant of a substantial right, it is the duty of the Attorney General to file a motion to remand the cause, with directions to the trial court to correct its judgment and make it conform to the verdict and the law.

3. **JUDGMENT—Conviction—Punishment—Effect of Statutes.** A judgment of conviction and sentence must conform to the punishment prescribed, and be enforced in conformity with the statute. In case of conviction for violating the prohibitory law, the punishment must be both by imprisonment and fine, within the terms prescribed by the statute.

(Syllabus by the Court.)

*Appeal from Custer County Court;*
*J. C. McKnight, Judge.*

W. M. Caudill was convicted of a violation of the prohibitory law, and appeals. Dismissed, with directions.

*Henry Bulow* and *George T. Webster,* for appellant.
*C. J. Davenport,* Asst. Atty. Gen., for the State.

FURMAN, J. The appellant has filed a motion to dismiss this appeal, which he unquestionably had the right to do. The state has filed a motion to remand the case, with directions to the trial court to correct the judgment, which it also had the right to do.

In the case of *Wood v. State.* 4 Okla. Cr. 436, 112 Pac. 11, this court said:

"All judgments and sentences of the court must follow and be based upon the verdict of the jury. Where there is a variance between the verdict of the jury and the sentence of the court, it must appear from the record that such variance cannot be corrected without depriving the defendant of a substantial right, before the conviction will be set aside, but the cause will be remanded to the lower court for resentence."

In the case of *Ex parte Mingle,* 2 Okla. Cr. 710, 104 Pac. 69, Judge Doyle, speaking for the court, said:

"It is apparent from the record before this court that there is a defect in the judgment and the sentence. It does not include imprisonment at hard labor, the penalty prescribed by the law. This should be corrected by a *nunc pro tunc order.* Courts in all civilized countries are established for the dispatch of public business, and are not to be circumscribed by legal technicalities in this rapid and advanced era by the rusty usages of the past, but, adapting themselves to the progressive march of civilization, must conform their rules of procedure to meet the necessities of the age."

In the case of *Ex parte McClure,* 6 Okla. Cr. 241, 118 Pac. 591, Judge Doyle again said:

"A judgment of conviction and sentence must conform to the punishment prescribed and be enforced in conformity with the statute."

In the case of *Steils v. State*, 7 Okla. Cr. 391, 124 Pac. 76, this court said:

"It is an outrage on law and justice, and a crime against society, for appellate courts to turn criminals loose who have been legally proven guilty, or to send their cases back to be retried at the expense of the people upon legal quibbles which are without substantial justice, and which are only shadows, cobwebs, and flyspecks on the law."

In the case of *McCormack v. State*, 71 Neb. 505, 99 N. W. 237, the Supreme Court of Nebraska said:

"Where a prisoner has been found guilty on a criminal charge, and the only error that appears on the record is the failure of the court to pronounce a legal judgment against him, it is the proper practice, and this court has the power, after setting aside the void or erroneous judgment, to remand the case and the accused, * * * with instructions to render judgment on the verdict in the manner provided by law. An ineffectual attempt of the district court to render a judgment on a verdict, according to the provisions of the law, does not deprive that court of the power to pronounce a valid judgment against the accused."

Appellant was found guilty by the jury of having violated the prohibitory liquor law of the state, and the question of punishment was left to the court. By dismissing his appeal, the appellant has waived and abandoned all objections which he might have urged to the proceedings up to and including the verdict. Under the law, the judge had no alternative, but it was his imperative duty to assess the punishment of appellant at a fine of not less than $50 nor more than $500, and imprisonment for the period of not less than 30 days nor more than six months. Both such fine and imprisonment must be assessed, and no judgment in such cases complies with the law which omits either one or the other. We presume that the trial judge omitted to assess imprisonment against appellant as a part of his punishment from an oversight, for, if willful, it would have constituted such official misconduct as would justify proceedings for removal from office. It is therefore our duty to sustain the motion made by the appellant to dismiss the appeal, and also

to sustain the motion made by the state to remand the cause, with directions to the trial court to correct its judgment.

It is therefore ordered that the appeal be dismissed, and the case be remanded to the county court of Custer county, with directions that the court assess the punishment of appellant at both such fine and imprisonment, within the terms of the law, as in its discretion it may deem proper.

ARMSTRONG, P. J., and DOYLE, J., concur.