## Ex parte WILLIE CLARKE.

No. A-5537.   Opinion Filed May 6, 1925.
(236 Pac. 66.)

(Syllabus.)

1. **Punishment—Statutory Penalty of Fine and Imprisonment—Judgment for Imprisonment Alone not Void.** Where a penal statute fixes the penalty at a fine and confinement, in the conjunctive,

and the court renders judgment for confinement alone, under our procedure the judgment is erroneous but not void.

2.    **Same—Void Sentence Distinguished from Erroneous Sentence.** A sentence of a different character from that authorized by law is void, while a sentence of the character prescribed by law, where some feature of the legal punishment is omitted, is usually erroneous only.

3.    **Same—Statute Fixing Punishment at Fine "and" Confinement "or Both" Held to Permit Fine "or" Confinement.** Construing a statute fixing the punishment at a fine "and" confinement, "or both," held, that the phrase "or both" imports that the punishment shall be a fine "or" confinement, or both.

      (a)    For the reasons for such construction see the body of the opinion.

Application by Willie Clarke for writ of habeas corpus. Petition dismissed.

C. M. Anderson, for petitioner.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.   The petition avers that Willie Clarke is illegally restrained of his liberty in the penitentiary at McAlester, pursuant to the terms of a void judgment and commitment against him, rendered and issued by the district court of Stephens county, where, by verdict of a jury, the petitioner was found guilty of a violation of the Narcotic Drug Act, his punishment fixed at confinement in the penitentiary for a term of 5 years, but with no fine assessed as provided by statute.   The court rendered judgment in accordance with the verdict and caused a commitment to issue accordingly.

The petitioner claims that the court was without jurisdiction or authority to render a judgment assessing the punishment at confinement alone, and that his consequent incarceration in the penitentairy is illegal.

The statute providing the penalty for the offense of

which petitioner was convicted (section 8888, Comp. Stat. 1921) reads thus:

"Any person who violates any of the requirements or provisions of this act shall, upon conviction, be deemed guilty of a felony and be fined not less than five hundred dollars nor more than five thousand dollars and shall be imprisoned not less than one year nor more than seven years, or both."

The language used in this statute with reference to the penalty, as quoted, is ambiguous. It provides for a fine "and" confinement, "or both." The petitioner assumes that, since fine and confinement are stated in the conjunctive in the statute, both must be assessed. He urges the novel claim that, because no fine was assessed against him, the penalty of confinement is void; that the court was without jurisdiction to render judgment for confinement alone. In other words, he complains, not of an excessive penalty, but of the fact that the court and jury failed to assess a fine against him in addition to imprisonment, and claims that such failure operates to avoid the judgment of confinement in the penitentiary.

The weight of authority is the other way. A sentence which is for less than the statute prescribes is usually not void but merely erroneous. In re Reed, 143 Cal. 634, 77 P. 660, 101 Am. St. Rep. 138; 8 R. C. L. 238.

Our own court has held, pursuant to statute, that, where a jury assesses punishment greater than the law prescribes, the defendant shall be given the maximum prescribed by the statute. Section 2752, Comp. Stat. 1921; In re Wm. Taylor, 7 S. D. 382, 64 N. W. 253, 25 L. R. A. 136, 58 Am. St. Rep. 843.

Since it is the policy of our law, made so by statute, where an excessive penalty is imposed, to enforce the punishment within the bounds prescribed by law, thus holding that the judgment is not void but merely erroneous, by

analogy it would seem that, if the penalty assessed merely omitted the fine and provided for confinement within the maximum prescribed by statute, the punishment to that extent should be upheld.

This conclusion is further confirmed by another well-established principle of law, to wit, that, where a court has jurisdiction of the person and the offense, a defendant cannot take advantage of an error in his favor. Under such circumstances the state alone may complain. That such a judgment is only erroneous and not void, see section 3092, Criminal Law, 16 C. J. 1311; Caudill v. State, 9 Okla. Cr. 66, 130 P. 812; Ex parte Shaw, 7 Ohio St. 81, 70 Am. Dec. 55; Freeman on Judgments, § 625; 3 Wharton, Criminal Law, § 3403; 1 Bishop, Criminal Law, § 930.

In this case the court had jurisdiction to impose a penalty of confinement, as was done, for a period of 5 years, and, because the court failed or refused to assess a fine in addition thereto (assuming that the statute so requires), that fact would not divest the court of its jurisdiction to impose the confinement. The court did not exceed its jurisdiction; it merely failed to exercise to the fullest extent the jurisdiction it possessed.

In Miller v. State, 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109, it was held that the failure of the court to assess disfranchisement as a part of the penalty is an error of which the accused cannot complain. And even in cases where the judgment is excessive it has been held that the judgment is not void, but merely erroneous. In this connection the case of In re Fanton, 55 Neb. 703, 76 N. W. 447, 70 Am. St. Rep. 418, discusses exhaustively the subject of penalties assessed not authorized by statute. The rule deduced from the authorities analyzed in that case is thus stated:

"A sentence of a different character from that authoriz-

ed by law is void, while a sentence which imposes the statutory kind of punishment is not absolutely void, although excessive. In the one case the entire judgment is invalid, while in the other the excessive portion is erroneous only."

In the following cases cited by the petitioner the judgment was held erroneous but not void: Dunbar v. State, 15 Okla. Cr. 513, 178 P. 699; Tucker v. State, 14 Okla. Cr. 54, 167 P. 637 (exact point not decided, reversed on other grounds); Caudill v. State, supra; In re Wilkins, 7 Okla. Cr. 422, 115 P. 1118.

Ex parte McClure, 6 Okla. Cr. 241, 118 P. 591, was a case in which the defendant was charged with using obscene language and punished as for disturbing the peace, including the granting of an unauthorized parole. In that case the court held that such a judgment was absolutely void, and that the petitioner was entitled to relief by habeas corpus. To the same effect see Ex parte Harris, 8 Okla. Cr. 397, 128 P. 397.

We now pass to the consideration of the language of the statute, providing for a fine and confinement, or both. Does this statute provide for a fine and confinement, in the conjunctive; or does it mean either the one or the other, or both, in the discretion of the court or jury?

Applying a well-known principle of statutory construction, to wit, that, where a statute is susceptible of different constructions, that construction should be adopted which gives effect to every phrase and portion of the act if such construction is rational and in keeping with the purposes and objects to be attained, to give effect to the phrase "or both" we must construe the conjunctive "and" in this case to mean the disjunctive "or." 25 R. C. L. Statutes, §§ 246, 247.

In ambiguous writings the word "or" is sometimes construed to mean "and"; more frequently the word "and"

is construed to mean "or." The court will adopt the appropriate construction indicated by the context and the purposes of the act. State ex rel. Caldwell v. Hooker, 22 Okla. 713, 98 P. 964; Williams v. U. S., 17 Okla. 28, 87 P. 647; 25 R. C. L. 917; 1 Bouvier's Dict. 194; extended notes and annotations to Janney v. Sprigg, 48 Am. Dec. 573; 1 Words and Phrases, First Series, p. 389; 1 Words and Phrases, Second Series, p. 208.

Giving effect to the phrase "or both" is equivalent to saying that the punishment may be fine, or imprisonment, or both fine and imprisonment, and that the conjunction "and" in this case means "or." It has been the policy of our Legislature, in providing for punishment of offenders, to fix a maximum and a minimum punishment, so that the court or jury may exercise a wise, humane discretion to fit each particular case. In doing this the moral responsibility, the age and character of the offender, and other factors, may properly be considered. It is manifest that some persons who have been found guilty of violating the Narcotic Drug Act (Comp. St. 1921, §§ 8886-8888) should be dealt with most severely, while in other cases the punishment should be light.

Such construction is in keeping with another rule of statutory construction, to wit, that, where the terms of a penal statute relating to the severity or character of the punishment are ambiguous, such provisions must be construed most favorably to the accused. 21 R. C. L. 209; Ex parte McClure, supra.

For these reasons we construe this statute to mean that the penalty for the offense for which the petitioner was convicted may be a fine, or imprisonment, or both.

The demurrer to the petition for writ of habeas corpus is sustained, and the petition dismissed.

DOYLE and EDWARDS, JJ., concur.