## TROY ADAMS v. STATE.

No. A-5205.  Opinion Filed Feb. 6, 1926.
(243 Pac. 258.)

W. C. Madison and S. A. Byers, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, here designated the defendant, was convicted of having unlawful possession of narcotic drugs, with his punishment fixed at a fine of $500 and confinement in the penitentiary for a term of two years.

There are three assignments of error urged in defendant's brief on appeal:

(1) That the evidence is insufficient to support the verdict.

(2) That the trial court erred in admitting incompetent evidence over the objection of the defendant.

(3) Error of the court in his instructions to the jury concerning the penalty to be imposed.

The evidence on the part of the state is positive to the effect that the defendant was in possession of five capsules of morphine, which he sold for the sum of $5. The defendant admitted the possession of five capsules containing a white powder, but claimed that these capsules contained quinine, and that he sold them to his customer, a morphine addict, under the pretext that they contained morphine.

There was evidence of a positive nature that the capsules did contain morphine, and it was within the province of the jury to reject the explanation of the defendant. Where the evidence is conflicting, the weight of the evidence is for the jury.

The state sought to impeach the defendant on cross-examination concerning certain statements said to have been made by him to one of the witnesses for the state relating to the issues involved, as follows:

"Q. I will ask you if you did not talk with Ophelia Collins some time after this trouble? A. No, sir. Q. And if you didn't ask her if she had made an affidavit against you, and she told you she had; and you told her you didn't think she would give up her source of getting dope, and gave her a capsule then? A. No, sir."

In rebuttal the following appears:

"Q. I will ask you (Ophelia Collins) if this defendant didn't ask you if you had made an affidavit against him, saying that the stuff he had sold your sister was mor-

phine, and you told him you hadn't, and he said he didn't believe you would, and gave you another capsule of morphine? A. Yes, sir."

It is contended that the state had no right to impeach the defendant on this point, relying upon the rule announced in Cook v. State, 10 Okla. Cr. 482, 138 Pac. 823. An examination of that case shows that it is not in point here. In the Cook Case it was sought to impeach the defendant on cross-examination concerning an incident not connected with the issues on trial. The testimony sought in the instant case, as indicated by the quotations above and other testimony not quoted, tended to impeach the testimony of the defendant on a material issue, by showing the improbability of his having sold quinine instead of morphine.

When this case was tried the penalty prescribed for the offense of illegal possession of narcotics in section 8888, Comp. Stat. 1921, had not yet been construed by this court. The penalty prescribed is in the following language:

"Any person who violates any of the requirements or provisions of this act shall, upon conviction, be deemed guilty of a felony and be fined not less than $500 nor more than $5,000 and shall be imprisoned not less than one year nor more than seven years, or both."

In Ex parte Clarke, 30 Okla. Cr. 259, 236 Pac. 66, this court construed this language to mean that the penalty may be a fine or imprisonment, or both.

The trial court, without objections, instructed the jury that if they found the defendant guilty, the punishment should be a fine of not less than $500 nor more than $5,000, and imprisonment for not less than one nor more than seven years. If the court had instructed the jury in accordance with the construction adopted in the Clarke Case, it may be that the jury would have omitted the fine. The

fact that the period of confinement was fixed at two years in the penitentiary, and not the minimum of one year, indicates that the jury intended that the defendant should be confined for that period. To eliminate the possibility that the defendant may have been prejudiced by this instruction to the extent of the fine imposed, the judgment will be modified by eliminating the fine assessed, retaining the provisions of the judgment as to the two years in the penitentiary.

The judgment as so modified is affirmed.

DOYLE and EDWARDS, JJ., concur.