## BILL BAKER v. STATE.

No. A-5802.   Opinion Filed March 26, 1927.
(254 Pac. 512.)

Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called defendant, was informed against by the county attorney of Oklahoma county, charged with the crime of willfully, unlawfully, wrongfully, and feloniously selling and delivering to one Charley Taylor approximately seven grains of cocaine and seven grains of morphine.

To this information the defendant entered his plea of not guilty. He was tried, and the jury returned a verdict finding the defendant guilty and assessing his punishment at a fine of $500 and imprisonment in the state penitentiary for a term of one year. To reverse this judgment the defendant has appealed to this court and has assigned thirteen errors alleged to have been committed by the trial court.

The state called C. M. Baker, and he testified that he was a narcotic agent on November 22, 1924, and knew the defendant, Bill Baker; that he had procured two rooms, between California and Reno, in the east part of the city of Oklahoma City; that the rooms had a partition wall with a door between the rooms; that he had placed Charley Taylor in one room and had him call up different parties to come to the room in order that Charley Taylor might buy narcotics from them; that Bill Baker came to the room and agreed to furnish Charley Taylor narcotics and claimed he would send it up by Pat Carroll; that the witness C. M. Baker was in the adjoining room looking through a hole that had been cut in the door; that he had paid the room rent and expenses of Charley Taylor; that Charley Taylor had been sent to him from Texas. Defendant Bill Baker left the room, and Pat Carroll brought some narcotics in the room to Charley Taylor.

Lee Mullenix testified to the same facts as did C. M. Baker.

Dr. Clifford testified for the state that he made a chemical analysis of the capsules and found that seven of them contained morphine and seven of them cocaine.

Witness C. M. Baker claimed that Taylor paid Bill Baker $10 before any narcotics were delivered by Pat Carroll.

This was in substance the state's testimony. Charley Taylor did not testify for the state.

The defendant, Bill Baker, on his own behalf denied that he made any trade with Charley Taylor to sell him any narcotics; denied having any narcotics delivered to him. This, in brief, was the testimony in the case.

The defendant in the case has assigned thirteen errors alleged to have been committed by the court in the trial of this case. In his brief he has grouped the errors together and treated them under two heads; the first subdivision being assignments Nos. 7 and 13. These assignments relate to the giving by the court of instruction No. 10 over the objection of the defendant, which instruction is as follows:

"10. Should you find the defendant guilty of the crime charged against him, it will be your duty to fix the punishment therefor, which shall be a fine of not less than $500 nor more than $5,000, and by imprisonment in the state penitentiary for not less than seven years."

And refusal to give special instruction No. 4 requested by the defendant, which is as follows:

"You are instructed that the minimum punishment, if you find the defendant guilty under these instructions, is one year in the penitentiary, or a fine of $500."

We come now to the assignment of errors contained in the first group, which assignments have been heretofore set out and relate to the instructions of the court as to the law upon the question of punishment to be imposed upon the defendant should the jury return a verdict of guilty.

Section 8888, Comp. Stats. 1921, providing a penalty for the offense of which the defendant was convicted, is as follows:

"Any person who violates any of the requirements or the provisions of this act, shall, upon conviction, be deemed guilty of a felony, and be fined not less than five

hundred dollars was more than five thousand dollars, and shall be imprisoned not less than one year nor more than seven years, or both."

Did the court err in giving its instruction No. 10 to the jury over the objection of the defendant, and in refusing to give special instruction 4 requested by the defendant as to the punishment to be inflicted upon the defendant, should the jury find him guilty.

Since the trial of this case in the district court, the section of the statute under which the trial court imposed the sentence has been before this court. In Ex parte Clarke, 30 Okla. Cr. 259, 236 P. 66, this court in construing the section of the statute states as follows:

"Subdivision 3. We now pass to the consideration of the language of the statute, providing for a fine and confinement, or both. Does this statute provide for a fine and confinement, in the conjunctive; or does it mean either the one or the other, or both, in the discretion of the court or jury? Applying a well-known principle of statutory construction, to wit, that, where a statute is susceptible of different constructions, that construction should be adopted which gives effect to every phrase and portion of the act if such construction is rational and in keeping with the purposes and objects to be attained, to give effect to the phrase 'or both' we must construe the conjunctive 'and' in this case to mean the disjunctive 'or.' 25 R. C. L. Statutes, §§ 246, 247.

"In ambiguous writings the word 'or' is sometimes construed to mean 'and'; more frequently the word 'and' is construed to mean 'or.'

"The court will adopt the appropriate construction indicated by the context and the purposes of the act. State ex rel. Caldwell v. Hooker, 22 Okla. 713, 98 P. 964; Williams v. U. S., 17 Okla. 28, 87 P. 647; 25 R. C. L. 917; 1 Bouv. Law Dict. 194; extended notes and annotations to Janney v. Sprigg [7 Gill (Md.) 197], 48 Am. Dec. 573; 1 Words and Phrases, First Series, p. 389; 1 Words and Phrases, Second Series, p. 208.

"Giving effect to the phrase 'or both' is equivalent to saying that the punishment may be fine, or imprisonment, or both fine and imprisonment, and that the conjunction 'and' in this case means 'or.' It has been the policy of our Legislature, in providing for punishment of offenders, to fix a maximum and a minimum punishment, so that the court or jury may exercise a wise, humane discretion to fit each particular case. In doing this the moral responsibility, the age and character of the offender, and other factors, may properly be considered. It is manifest that some persons who have been found guilty of violating the Narcotic Drug Act (Comp. St. 1921, §§ 8886-8888) should be dealt with most severely, while in other cases the punishment should be light. Such construction is in keeping with another rule of statutory construction, to wit, that, where the terms of a penal statute relating to the severity or character of the punishment are ambiguous, such provisions must be construed most favorably to the accused. 21 R. C. L. 209; Ex parte McClure, [6 Okla. Cr. 241, 118 P. 591], supra.

"For these reasons we construe this statute to mean that the penalty for the offense for which the petitioner was convicted may be a fine, or imprisonment, or both."

It was the duty of the court to correctly instruct the jury as to the punishment to be imposed upon the defendant, should the jury find him guilty. In this case the court erroneously instructed the jury as to the punishment and refused to properly instruct the jury as requested by the defendant as to the punishment, and the giving of instruction 10 over the objection of the defendant and refusal to give special instruction 4 requested by the defendant was a prejudicial error.

Other errors are assigned and argued, but we do not deem it necessary to discuss them.

The judgment is reversed and remanded.

DOYLE, P. J., and EDWARDS J., concur.