## ANDREW J. BRADY v. STATE.

No. A-5801.   Opinion Filed March 26, 1927.
(254 Pac. 513.)

Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was informed against by the county attorney of Oklahoma county, charged with the crime of selling, exchanging, and delivering cocaine to one Charley Taylor. To the information the defendant entered his plea of not guilty. He was tried and convicted of the crime, the jury assessing his punishment at a fine of $500 and imprisonment in the state penitentiary for a term of one year. To reverse this judgment the defendant has appealed to this court, and has assigned twelve errors alleged to have been committed by the court in the trial of the case.

The state furnished in substance the following testimony:

C. M. Baker testified that he was a narcotic agent, and on November 22, 1924, he had arranged for two rooms on Hudson street, between California and Reno,

in the city of Oklahoma City, and that he had placed Charley Taylor in one of the rooms; that he and Lee Mullenix were in the other room; he had a hole cut in the door between the two rooms; that Charley Taylor was instructed to call up parties and get them to come to the room and try to buy narcotics from them. He saw the defendant enter the room where the informer was. He first entered the room Novemer 20, 1924. Blackie Wallace was with him. Blackie Wallace had possession of the narcotics that were laid down on a table. On the 21st day of November, 1924, along in the afternoon, defendant came to the room again, occupied by the informer, and there he delivered to the informant eleven caps of cocaine, for which the informer gave him $6 in money. The capsules were left lying on the table.

Lee Mullenix testified, in substance, to the same facts as did C. M. Baker.

Dr. C. Clifford was called as a witness on behalf of the state, and he testified that seven capsules claimed to have been delivered to Charley Taylor were cocaine.

At the close of all the state's testimony, the defendant moved to strike all the testimony of the state for the reason that it was procured by solicitation and was incompetent, irrelevant, and immaterial to support a verdict, which motion was overruled by the court, and defendant duly excepted.

The defendant called Joe Farrar as a witness, and he testified to the defendant being a married man and to the business defendant was engaged in; that he had never known anything against him; and that his reputation had always been good as a law-abiding citizen.

The defendant also called his wife, Madie Brady, who testified that since their marriage her husband had been engaged in the taxi business on his own account,

and that to her knowledge he had never dealt in narcotics.

This in substance was the testimony introduced by the state and defendant. At the close of the testimony the defendant again renewed his motion asking the court to advise the jury to return a verdict of not guilty, which motion was overruled by the court and exceptions duly saved.

The only error we deem necessary to consider in this case is assignment No. 7, which is as follows:

"Because the trial court erred in giving instruction No. 8, which reads as follows: Should you find the defendant guilty of the crime charged against him, it will be your duty to fix the punishment therefor, which should be a fine of not less than $500, nor more than $5,000, and by imprisonment in the state penitentiary for not less than one year nor more than seven."

The question to be determined in this case is: Did the court err in giving the instruction complained of by the defendant, and defining the punishment to be imposed upon the defendant should he be found guilty?

Section 8888, Comp. St. 1921, provided the penalty to be imposed if the defendant were convicted as follows:

"Any person who violates any of the requirements or provisions of this act shall, upon conviction, be deemed guilty of a felony and be fined not less than five hundred dollars nor more than five thousand dollars and shall be imprisoned not less than one year nor more than seven years, or both."

Since the trial of this case in the district court, the section of the statute under which the trial court imposed the sentence has been before the court for interpretation.

In Ex parte Clark, 30 Okla. Cr. 259, 236 P. 66, this court construed the statute to mean that the penalty for

the offense for which the defendant was convicted may be a fine, or imprisonment, or both.

This same question is involved in this case as was involved in the case of Bill Baker v. State, 36 Okla. Cr. 328, 254 P. 512. The instruction given by the court was an error prejudicial to the rights of the defendant.

The judgment is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.