THE STATE OF NEVADA, Appellant, *v.*
POYDRAS JOHNSON, Respondent.

No. 4193

November 19, 1959                                    346 P.2d 291

*Roger Foley,* Attorney General, of Carson City, and *George Foley,* District Attorney, Clark County, for Apellant.

*George E. Franklin, Jr.,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNamee, C. J.:

This is an appeal by the state from the judgment of the trial court rendered after trial by jury. Appellant hereinafter is referred to as state and respondent as defendant.

Defendant was convicted of a charge contained in an information that he unlawfully possessed narcotic drugs and that he had been previously convicted of a violation of the laws of the United States relating to narcotic drugs. Under NRS 453.210, a person convicted of possession of narcotics in violation of the laws of this state after he shall previously have been convicted of any violation of the laws of the United States or of any state, territory or district relating to narcotic drugs shall be punished by a fine of not more than $2,000 and be imprisoned in the state prison for not less than five years or more than ten years.

The trial court sentenced the defendant as follows:

" * * * that he be punished by imprisonment in the state prison of the State of Nevada for a term of

not less than two years nor more than five years and a fine of $1,000."

A judgment of conviction and sentence must conform to the punishment prescribed by statute. Ex Parte McClure, 6 Okl.Cr. 241, 118 P. 591.

The sentence in this case manifestly is a sentence below the minimum punishment provided by law for the particular offense and is therefore erroneous. State ex rel. Steffes v. Risjord, 228 Wis. 535, 280 N.W. 680.

This court on appeal has power to direct its correction. Ex Parte Melosevich, 36 Nev. 67, 133 P. 57; Patterson v. Hudspeth, 170 Kan. 30, 223 P.2d 974; Caudill v. State, 9 Okl.Cr. 66, 130 P. 812; NRS 177.240.

Where the penal statute gives no discretion to the trial court in fixing the punishment, it would be proper for this court without remand to modify the sentence to conform to the statute. State v. Moore, 48 Nev. 405, 233 P. 523. In this case, however, the applicable statute does give discretion, limited as it is to the amount of the fine.

Under these circumstances the judgment must be reversed and the cause remanded with directions to the trial court to correct its judgment within the terms of the law as in its discretion it may deem proper.

BADT and PIKE, JJ., concur.