## *Ex Parte* CHAS. ELEY.

No. A-1814.   Opinion Filed March 22, 1913.

(130 Pac. 821.)

1. HABEAS CORPUS—Petition—Demurrer. A petition for the writ of habeas corpus, setting up facts which show that the petitioner was imprisoned under a valid judgment of the court on the date the commitment was issued, and that no appeal was taken from such judgment, and that after incarceration in the prison petitioner was by the county judge, county attorney, and sheriff discharged from such imprisonment on their own initiative, and without authority of law, and that petitioner was thereafter, after the expiration of more than the time for which he could have been imprisoned under the original judgment, recommitted under the same judgment, states ground for relief, and is not demurrable.

2. PARDON — Punishment—Sentence—Wrongful   Discharge—Effect—"Trusty." The petitioner was convicted of a misdemeanor in the county court of Jackson county. Judgment was pronounced by the court sentencing him to 30 days' imprisonment and to pay a fine of $50, and upon the failure to pay such fine in cash that he should be imprisoned 25 days in lieu thereof. Commitment was issued, and he was incarcerated in the county jail. The county judge, county attorney, and sheriff released him within a short time, and, after the expiration of more than the time for which he could have been imprisoned under the judgment, the county court ordered him recommitted on the same judgment to serve the original sentence. Held, that the action of the officers in discharging the petitioner was without authority of law. Held, further,

that the petitioner was in the control and custody of the sheriff, and was in effect a "trusty" under the facts disclosed, and, as a matter of law, his period of imprisonment expired 55 days from the date of his incarceration; and that any further imprisonment would be unwarranted and unlawful.

3. SAME—Authority to Pardon. County judges, county attorneys, and sheriffs in this state have no power to parole or pardon persons convicted of crime in the courts of this state. That power is vested solely in the Governor.

4. SAME—Power to Release Prisoner. When a person is tried for crime in a county court, convicted, and judgment pronounced, such court has no authority to release him from imprisonment under a commitment issued upon the judgment, unless the judgment be vacated or set aside on lawful grounds, or upon **habeas corpus,** when the judgment under which the imprisonment is had was void, except in certain cases on appeal.

5. ESCAPE—Incarcerated Person—Unlawful Discharge. When a person is imprisoned on a judgment of a court of competent jurisdiction, and later such court, acting with the county attorney and sheriff, usurps the power to release, and does release, him from imprisonment, such person is not guilty of escape, technical or otherwise.

(Syllabus by the Court.)

Petition for the writ of *habeas corpus* by Charles Eley, writ granted, and petitioner discharged.

*W. T. McConnell,* for petitioner.

*Charles West,* Atty. Gen., and *M. L. Hankins,* Co. Atty., *contra.*

ARMSTRONG, P. J. This is a petition for the writ of *habeas corpus,* filed by Charles Eley, seeking his discharge from the custody of John D. Bailey, sheriff of Jackson county.

The undisputed facts are: That the petitioner was incarcerated on the 15th day of April, 1912, upon a commitment issued out of the county court of Jackson county on the 11th day of said month, which commitment was based upon a judgment imposing upon the petitioner a sentence of 30 days' imprisonment and a fine of $50. The petitioner was incarcerated by the jailor of Jackson county just before noon on the 15th day of April, 1912, having been delivered to him by A. W. Collins,

a deputy sheriff. A copy of the commitment issued by said court was also delivered to the jailor at the same time. In the afternoon of the same day the petitioner was taken by the jailor to the courthouse yard and, along with the other prisoners, put on the public works. Later in the afternoon the same deputy sheriff went to the jailor and told him that the court wanted the petitioner brought before it, and asked the jailor to get the commitment which had been delivered to him, which was done. The deputy sheriff then took the petitioner and the commitment into the courthouse, and later told the jailor that the court had released the petitioner. No written release, however, was ever filed with the jailor. On the 12th day of August thereafter the county court issued another commitment on the same judgment, which was executed by the same deputy sheriff on the 15th day of said month by a delivery of a copy of the commitment and the petitioner into the custody of the jailor again. It appears that the county attorney, the county judge, and the sheriff, for some reason unknown and unexplained to this court, were responsible for the foregoing disposition of the petitioner. On the 17th day of August the petition in this case was filed and the petitioner released on bail pending a determination of his petition.

Counsel for the respondent have filed a demurrer to the petition, based upon the decision of this court in *Ex parte Eldridge,* 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967, contending that under the doctrine in that case the petition does not state grounds for relief. With this contention we cannot agree. The facts upon which the petition in the Eldridge case was based were entirely different from those in the case at bar. In the Eldridge case the petitioner had prayed an appeal from a judgment of the county court, bail had been allowed and given, but the appeal was not perfected, and after the time had lapsed within which the appeal could properly have been taken the county court of Noble county, wherein Eldridge was convicted, issued a warrant for his arrest and imprisonment under the original judgment. In

the petition in the Eldridge case and the argument before this court counsel contended that the county court of Noble county was without jurisdiction to issue the order of commitment, for the reason that the time for perfecting said appeal expired June 4, 1909, and the defendant was within the jurisdiction of the court at all times, and that by operation of law his sentence began from the expiration of the time allowed to file a petition in error and case-made in this court, or, at the farthest, the maximum time within which his appeal could have been perfected under the statute. The petitioner in the Eldridge case had never been confined in prison. No commitment had ever been issued for him. The judgment against him had been superseded by an appeal bond, and the appeal had never been perfected, and on this state of facts this court held, and correctly so, that an expiration of the time under such circumstances, without imprisonment, was in no sense an execution of the sentence.

In the case under consideration, however, no appeal was taken. The county court pronounced judgment, and upon the judgment issued a commitment. Upon the commitment the petitioner was confined within the cells of the county jail of Jackson county, and thereafter was released by the county judge, sheriff, and county attorney. The judgment was not vacated on lawful grounds or otherwise, nor the petitioner released by the writ of *habeas corpus,* on the ground that the judgment against him was void. Just what prompted such action upon the part of the officers mentioned is not explained, and no effort has been made looking to that end. When a judgment is pronounced and no appeal taken, and a commitment issued and the prisoner delivered to the custody of the county jailor, there are only three ways for him to be released lawfully until the judgment is satisfied: First, by *habeas corpus,* on the ground that the judgment is void; second, by order of the court, when the judgment is vacated or set aside upon lawful grounds; third, by parol or pardon from the Governor. Any other discharge or release is without authority of law, and officers guilty

of such conduct lay themselves liable to the penalties pre-
scribed by the statute.

As said by this court in *Ex parte McClure,* 6 Okla. Cr.
241, 118 Pac. 591:

"The county court was without power or authority to
grant a parole. Under the Constitution that is the preroga-
tive of the supreme executive power vested in the Governor;
and the only effect of the order discharging petitioner on pro-
bation, upon good behavior, was to modify the judgment im-
posing the fine, and directing imprisonment until such fine is
satisfied, by making the fine, in effect, nothing more than a
civil judgment, to be satisfied by execution as on a judgment
in a civil action. To that extent only could the court modify
the judgment rendered."

The county attorney and the sheriff are without color of
power of any kind to release a prisoner, and what is said by
the court in *Ex parte McClure, supra,* applies with greater force
to sheriffs and county attorneys; for they cannot in the least
vacate, modify, or change a judgment of the court, and the
court itself can only modify, vacate, or set aside a judgment
upon lawful grounds.

We are asked by counsel for the respondent to hold that
the act of the petitioner in departing from the custody of the
jailor, under the circumstances heretofore set out, amounted to
a technical escape. This we cannot do. The petitioner in this
case did no more than any other intelligent human being would
have done under like circumstances—that is, to go home, when
the court who had sentenced him, the county attorney who had
prosecuted him, and the sheriff who had incarcerated him told
him he could do so—and a rule could not be established, tech-
nical or otherwise, holding him to be an escape and liable to
reincarceration, without placing in the hands of county courts,
sheriffs, and prosecuting attorneys the power to defeat every
judgment of a court of record entered in this state, and permit
them to harass and impose upon the unfortunate members of
our citizenship, who happen to be convicted and sentenced for
crime, during an endless period, by placing them in jail to-

day and releasing them to-morrow, with or without cause, as their caprice might suggest. The petitioner in this case was in the custody of the sheriff and subject to his call at all times until the expiration of the prison sentence, and was in legal effect a "trusty." We do not suggest that the action of the officers was prompted to by corrupt motives, but it makes no difference. what prompts the act; the rule of law is the same. There is no statute authorizing such conduct, and there should be none. The demurrer to the petition is overruled.

The judgment of the court, which was 30 days' imprisonment and a fine of $50, or 25 days additional in case the fine was not paid, was fully satisfied 55 days from the date of the incarceration of the petitioner; and any imprisonment under said judgment after the expiration of that time is and would be unlawful and without warrant.

More than 55 days having expired from the date of the incarceration of this petitioner to the date of his reincarceration, the judgement of the court was satisfied in law, if not in fact; and he is entitled to the writ of *habeas corpus* releasing him from further imprisonment.

Let the writ issue and the petitioner be discharged.

DOYLE and FURMAN, JJ., concur.