STATE v. JAMES P. PACE AND JOHN NELSON.

(Filed 31 December, 1926.)

1. **Escape—Evidence — Appearance Bond — Fraudulent Representation to Jailer—Deceit—Nonsuit.**

A conviction cannot be had for assisting a prisoner to escape from jail where he was lawfully confined upon evidence only tending to show that the defendants were sureties on the prisoner's bond for his appearance before the Superior Court for trial, and his release was obtained by the defendants' falsely representing to the jailer that the clerk had requested them to instruct the jailer to release the prisoner, and that the bond they had signed and then presented had been accepted by the clerk, and the prisoner then was called and discharged from custody after he had signed the bond as principal, without knowledge of the deceit practiced upon the jailer. C. S., 4643.

2. **Indictment—County Courts—Appeal—Grand Jury.**

Where there is a conviction of a misdemeanor in a county court having jurisdiction under a sufficient indictment, it is not necessary for another indictment to be submitted to the grand jury in the Superior Court on appeal.

APPEAL by defendants from *Harding, J.,* at August Term, 1926, of CHEROKEE. Reversed.

Defendants were convicted upon a charge that they had assisted a prisoner lawfully confined in the common jail of Cherokee County to escape therefrom. From judgment upon said conviction, defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*R. L. Phillips for defendants.*

CONNOR, J. Gudger Cothran was convicted of a crime in the general county court of Cherokee County. From judgment therein rendered, he appealed to the Superior Court. Pending the hearing of his appeal, he was duly committed to the common jail of Cherokee County, to be discharged, however, upon his giving a justified bond in the sum of $1,000, conditioned for his appearance at the next term thereafter of the Superior Court of said county. On 10 December, 1925, said Cothran, having failed to give said bond, was lawfully confined in said jail, under the commitment of the county court.

On said day Mrs. B. B. Morrow, wife of the sheriff of Cherokee County, was in charge of the jail and of the prisoners confined therein. Mrs. Cothran, wife of the prisoner, and defendants, James P. Pace and John Nelson, went to the jail where Mrs. Cothran, in the presence of defendants, presented to Mrs. Morrow a bond, which was in form and in the amount required by the order of the county court for the discharge of the prisoner, Gudger Cothran. This bond had been executed by defendants as sureties; they had justified before the clerk of the court. Mrs. Cothran and defendant Pace, in the hearing of defendant Nelson, told Mrs. Morrow that it was a good bond; that the clerk of the court had said that it was a good bond, and had directed them to tell her to release the prisoner. They told her that the clerk was busy in court, and could not come to the jail. Defendant Nelson made no statement in regard to the bond, except that he had justified for $300, and was good for that amount. Mrs. Morrow relied upon these statements, accepted the bond, and discharged the prisoner, who thereafter failed to appear at the next or at any succeeding term of the Superior Court of Cherokee County, in compliance with the conditions of said bond. A judgment *ni si* has been taken by the State upon this bond against Gudger Cothran, as principal and against defendants herein as sureties. Gudger Cothran has fled the State, and defendants have been unable to apprehend him, although they have made diligent efforts to do so.

The clerk of the court testified that defendant signed the appearance bond as sureties for Gudger Cothran, in his presence; that they justi-

fied before him; that he did not tell them or either of them to tell Mrs. Morrow to discharge the prisoner upon the filing of the bond with her; that he had no authority to take an appearance bond, unless expressly directed by the court to do so; that he seldom took a bond.

The sheriff testified that defendants, James P. Pace and John Nelson, on 10 December, 1925, presented to him a bond similar to the bond upon which the prisoner, Gudger Cothran, was released from custody; that he could not say that it was the same bond; that it was a bond for the release of Gudger Cothran, and that he "turned it down," because he did not consider it a good bond. The sheriff thereafter left his office, went out into the county on official business, and did not return until after the prisoner had been discharged. The deputy sheriff testified that he told defendants, prior to the discharge of the prisoner, that he would not take a bond signed by them as sureties.

Defendant John Nelson testified that he and defendant Pace signed the bond in the presence of the clerk, who thereupon gave the bond to Mrs. Cothran; that he had refused to become surety on the bond, or to justify until he had been indemnified by a mortgage; that Mrs. Cothran agreed to "make him safe"; that he went to the jail with Mrs. Cothran to see that the mortgage, which was prepared by an attorney, was executed. He heard Mrs. Cothran tell Mrs. Morrow that the bond was good. He told Mrs. Morrow that he had signed the bond for $300, and that he was good for that amount; that at the time he signed the bond, he owned land which was worth more than $1,800.

Defendant James P. Pace testified that after he and defendant Nelson had signed the bond in the presence of the clerk of the court, it was delivered to Mrs. Cothran by the clerk, and that she went at once to the jail where her husband was confined; that he went with her for the purpose of seeing another prisoner in the jail. He heard Mrs. Cothran tell Mrs. Morrow that it was a good bond, and that the clerk had said for her to discharge the prisoner. Mrs. Morrow said, "Yes, I see the name of the clerk on the bond." She then called to Cothran to come down. He came down, and she discharged him from custody. Witness testified that he and defendant Nelson signed the bond for $1,000, upon which the prisoner Cothran was discharged from jail; that he justified for $700, and defendant Nelson for $300. Witness had previously, on same day, signed a bond, as surety for Cothran, in the sum of $1,000; defendant Nelson did not sign that bond. That was the bond which the sheriff and deputy sheriff had declined to accept; neither of them had declined to accept the bond signed by both the defendants, and justified before the clerk. It was not presented to either the sheriff or the deputy sheriff. It was delivered by the clerk to Mrs. Cothran, who gave it to Mrs. Morrow, the jailer.

At the close of all the evidence, defendants renewed their motion for judgment as of nonsuit, first made and overruled at the close of the evidence for the State. C. S., 4643. The motion was again overruled and defendants excepted. Upon their appeal to this Court, defendants rely chiefly upon their assignment of error based upon this exception.

Defendants were first tried in the general county court of Cherokee County, upon a warrant issued by the judge of said court, pursuant to an affidavit attached thereto. They were convicted at said trial, and appealed from the judgment of the county court to the Superior Court. They were tried in the Superior Court upon the warrant issued by the judge of the county court; there was no indictment in the Superior Court; the crime charged is a misdemeanor, and within the jurisdiction of the county court. It was therefore properly tried in the Superior Court upon the warrant; an indictment by the grand jury was not necessary for trial in the Superior Court. *S. v. Freeman,* 172 N. C., 925, and cases cited.

In the affidavit upon which the warrant was issued it is charged "that on or about 10 December, 1925, John Nelson and James Pace did unlawfully and wilfully assist Gudger Cothran to escape from the common jail of Cherokee County," and "that said Cothran was on said date duly and lawfully in the care and custody of the jailer of Cherokee County."

All the evidence is to the effect that Gudger Cothran was in the care and custody of the jailer under an order of the county court, directing that he be discharged upon his giving a justified bond in the sum of $1,000 for his appearance at the next term of the Superior Court of said county; that he was discharged by the jailer upon a bond fully complying, in form and amount, with the order of the county court; there is no evidence tending to show that the prisoner participated in or had any knowledge of any statements made to the jailer by his wife or by his sureties, prior to the acceptance of the bond, relative to its sufficiency. The jailer called to him to come down; he came, evidently signed as principal the bond which defendants had already signed as sureties, and which was then in the hands of his jailer. He was thereupon discharged by the jailer. Whether his discharge was authorized by law or not, if it was colorably in compliance with the order of the court, in the absence of knowledge by the prisoner of any defect in the bond, or of any want of authority in the jailer to discharge him, or of any false and fraudulent representations by his sureties by means of which the jailer was induced to accept the bond, it cannot be held that the departure of the prisoner was unlawful. 21 C. J., 833, sec. 20; *Ex parte Eley* (Okla.), 130 Pac., 821. The evidence wholly fails to show that Gudger Cothran escaped from jail, as alleged in the affidavit

and complaint, upon which the warrant was issued, and thereby committed the crime of escape, as defined by the common law or by statute. Blk. Com. Bk. IV, sec. 135; 21 C. J., 826; C. S., 4404. The crime of escape is committed by a prisoner who departs from lawful custody, without force, before discharged by due process of law. It may also be committed by one to whose custody the prisoner has been lawfully committed, either voluntarily or negligently. C. S., 4393. As the evidence fails to show that Gudger Cothran escaped from jail, it must follow that it also fails to show that defendants assisted in the commission of a crime by Gudger Cothran.

This case is easily distinguished, we think, from *S. v. Carivey,* 190 N. C., 319. In that case, as in this, the prisoner was lawfully confined in jail. Upon the indictment in that case it was held that the defendant was properly convicted of an attempt to commit the crime of rescue. The indictment did not charge an escape by the prisoner, but a rescue by defendant. The evidence was held to be sufficient to support a conviction of an attempt to rescue. The verdict and judgment were sustained under C. S., 4640.

Whether defendants made a false and fraudulent representation to Mrs. Morrow, as to the clerk's instructions with reference to the bond, is not determinative of the guilt or innocence of defendants upon the charge contained in the complaint upon which the warrant was issued. Defendants are charged, not with making false and fraudulent representations, and thereby procuring the release of the prisoner, but with assisting him to escape. The evidence fails to sustain this charge. There was error in refusing defendants' motion for judgment in accordance with C. S., 4643. The judgment is reversed. Let the action be remanded that judgment may be entered in the Superior Court of Cherokee County, in accordance with this opinion. *S. v. Moore,* 166 N. C., 371.

Reversed.