Doc E. WILLIAMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14384.

Court of Criminal Appeals of Oklahoma.

June 26, 1968.

Billy Paul Skinner, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Granville Scanland, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Doc E. Williams, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County for Assisting a Prisoner to Escape, and appeals.

The single issue presented on appeal requiring the reversal of this conviction is that the Information and the evidence adduced on the trial of the defendant were insufficient to charge the offense of Assisting a Prisoner to Escape and to support the verdict of the jury. The Information under which the defendant was charged, provides in pertinent part:

"\* \* \* did then and there wilfully, unlawfully and feloniously commit the crime of ASSISTING A PRISONER TO ES-CAPE FROM CONFINEMENT IN A PRISON in the manner and form as follows, to-wit:

That is to say the said defendant, then and there being, did then and there assist one Jimmy Ward Willis to escape from a prison, to-wit: the Oklahoma County Jail, in Oklahoma City, Oklahoma, the said Jimmy Ward Willis being, on the 17th day of August, 1966, a prisoner confined in the said Oklahoma County Jail and the said Jimmy Ward Willis being so confined upon a charge of Grand Larceny, a felony, and that the said defendant, Doc E. Williams, in order to and for the purpose of assisting the said Jimmy Ward Willis to so escape, did wilfully, fraudulently, knowingly and feloniously present to one Leon Ponds, a deputy sheriff and jailer of Oklahoma County, Oklahoma, a certain instrument in writing which he the said defendant falsely and knowingly represented to the said Leon Ponds and falsely and knowingly led the said Leon Ponds to believe, was a lawfully and properly executed 'order of release' from the Justice of the Peace Court of Marvin Cavnar, Oklahoma City District, when in truth and in fact such 'order of release' was not a lawfully and properly executed 'order of release,' in that such 'order of release' was not signed by the said Justice of the Peace, Marvin Cavnar, nor his duly appointed clerk, nor any other person authorized to sign such 'order of release.' \* \* \*"

This charge was filed under the provisions of 21 O.S.A. § 437, which provides:

"Every person who wilfully by any means whatever, assists any prisoner confined in any prison to escape therefrom, is punishable as follows:

1. If such prisoner was confined upon a charge or conviction of felony, by imprisonment in the penitentiary not exceeding ten years.

2. If such prisoner was confined otherwise than upon a charge or conviction of felony, by imprisonment in the county jail not exceeding one year, or by fine,

not exceeding five hundred dollars, or both."

 In the early case of Ex Parte Eley, 9 Okl.Cr. 76, 130 P. 821, this Court, speaking through the Honorable Judge Armstrong, stated:

"When a person is imprisoned on a judgment of a court of competent jurisdiction, and later such court, acting with the county attorney and sheriff, usurps the power to release, and does release, him from imprisonment, such person is not guilty of escape, technical or otherwise."

Ex Parte Eley, supra, was cited with approval in State v. Pace, 192 N.C. 780, 136 S.E. 11 (1926), wherein defendants were convicted of Assisting an Escape. Evidence shows that they executed an appearance bond for a prisoner in the county jail before the court clerk. The Court Clerk testified that he merely acknowledged the making of the bond, and that he had no authority to order the release of the prisoner on the bond. They presented the bond to the Sheriff who refused to release the prisoner to them, telling them it was not a good bond. The Sheriff departed on other business and the defendants returned to the jail and presented the bond to the Sheriff's wife, who was apparently acting as jailer. They told her the bond had been approved by the Court Clerk and the Clerk had ordered the release of the prisoner on it. She released the prisoner to them. The opinion holds that there was no evidence that the prisoner had any knowledge of whether his discharge was unlawful or not and in the absence of a showing that he (the prisoner) participated in any false and fraudulent acts to secure his release, there was no showing of an escape. To convict for assisting an escape, there must be evidence of an escape. This case was reversed and remanded.

In the instant case, as in State v. Pace, supra, there was no showing that the prisoner had any knowledge of whether his discharge was unlawful or not, and in accordance with State v. Pace, supra, we are of the opinion that failure to allege this in the information renders the information under which the defendant was charged insufficient to charge the crime of Assisting an Escape. Moreover, the evidence introduced wholly fails to establish this necessary element.

For all of the reasons above set forth the judgment and sentence appealed from is reversed and remanded with directions to dismiss. Reversed and remanded with directions to dismiss.

NIX, P. J., and BRETT, J., concur.