475 So.2d 1093 (1985)
STATE of Louisiana
v.
David KLINE.
No. 85-KK-1153.
Supreme Court of Louisiana.
October 4, 1985.
Reconsideration Denied November 22, 1985.
PER CURIAM.
Defendant is ordered released from custody on his sentence of one and one-half years at hard labor for attempted possession of a firearm in violation of R.S. 14:27; 14:95.1. The record contains no evidence that defendant had any part in securing his release from the parish jail on order of the trial judge within fifteen days of the date he surrendered himself after this Court affirmed his conviction and sentence on appeal. State v. Kline, 422 So.2d 1164 (La.1982). The record does indicate that the criminal sheriff and district attorney's office were fully aware of the situation and took no action for eighteen months while the defendant reestablished himself in the community, obtained work, and avoided any further problems with the authorities. Under these circumstances, reincarceration of the defendant to serve the balance of his term would be inconsistent with fundamental principles of liberty and justice. See, Johnson v. Williford, 682 F.2d 868 (9th Cir.1982); United States v. Merritt, 478 F.Supp. 804 (D.D.C.1979); Lanier v. Williams, 361 F.Supp. 944 (E.D.N.C.1973); see also, Shields v. Beto, 370 F.2d 1003 (5th Cir.1963); White v. Pearlman, 42 F.2d 788 (10th Cir.1930); Ex Parte Eley, 9 Okl.Cr. 76, 130 P. 821 (1913).
DENNIS, J., concurs in part and dissents in part with reasons.
DENNIS, J., would grant the writ but dissents from the summary exparte judgment of the majority. This case should be set down for oral argument and a full opinion should be written by a judge. The per curiam overrules a previous decision of this Court without adequate reasoning or analysis.