**William Lewis SISSNEY, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. H–90–0264.**

Court of Criminal Appeals of Oklahoma.

April 26, 1990.

---

District Court of Custer County, Oklahoma, was denied. Petitioner contends that since he has fully served and satisfied his sentence, his continued imprisonment in the Custer County Jail is unlawful and violates Petitioner's constitutional rights.

The chronology of Petitioner's time served is as follows:

| | | |
|---|---|---|
| April 21, 1989 | – | Petitioner was arrested and charged with four (4) separate Counts in CRM–89–189 and a Motion to Impose Judgment & Sentence was filed in ·CRM–88–344 in the District Court of Custer County. |
| April 25, 1989 | – | Petitioner posted bond after initial appearance on a motion to accelerate his November 7, 1988, deferred sentence in CRM–88–344, and was ordered to return for hearing on May 11, 1989. |
| May 11, 1989 | – | Petitioner sentenced to (1) one year in Custer County jail in Case No. CRM–88–344. |
| June 14, 1989 | – | Petitioner released after posting appeal bond. |
| Sept. 11, 1989 | – | Petitioner turned himself in to complete (1) year sentence after plea negotiations that sixty (60) day sentences in CRM–89–138 Count 3 and Count 4 would run concurrent with CRM–88–344, the charge upon which Petitioner is currently held. |
| Nov. 9, 1989 | – | Petitioner released by Sheriff as having discharged the one-year sentence. |
| Dec. 28, 1989 | – | *Hearing held in Custer County wherein Petitioner was ordered recommitted to serve remainder of one-year sentence.* |
| Jan. 16, 1990 | – | Petitioner released by Sheriff as having served the one-year sentence. |
| March 6, 1990 | – | Petitioner is recommitted to serve remainder of one-year sentence after court held hearing on its own motion. |

Therefore, the time for which Petitioner is credited for "flat time" or time actually served is as follows:

| | |
|---|---|
| April 21—April 25, 1989 | 5 days |
| May 11—June 14, 1989 | 35 days |
| Sept. 11—Nov. 9, 1989 | 60 days |
| Dec. 28, 1989—Jan. 16, 1990 | 20 days |
| **TOTAL** | **120 days** |

■ The purpose of the right of habeas corpus is not to determine the guilt or innocence of the accused concerning the crime for which he was convicted and sentenced, but only to determine whether he is being restrained of his liberty by due process of law, and whether the court which

## ORDER DENYING WRIT OF HABEAS CORPUS

On March 13, 1990, Petitioner filed an Application for Writ of Habeas Corpus with this Court after Petitioner's Application for Writ of Habeas Corpus, filed in the

rendered judgment and sentence had jurisdiction. *Maghe v. Page*, 395 P.2d 655, 657 (Okl.Cr.1964). The burden rests on Petitioner to show that he is being illegally incarcerated and unsupported statements do not meet the requirements of proof. *Shelton v. State*, 381 P.2d 324, 325 (Okl.Cr. 1963).

Therefore, the sole issues before this Court for consideration are whether or not Petitioner has completed his sentence, and whether or not Petitioner is being illegally detained and entitled to immediate release. Petitioner does not question the validity of the judgment and sentence in this case, nor the jurisdiction of the Trial Court. His Petition addresses only the issue of the computation of the time required to be served on the sentence.

The general provision of 57 O.S.1981, § 20, provides for Credit on fine and costs-Credit for efficient work and good behavior. However, the credit will only be given ...; provided that those prisoners or convicts doing and performing the most efficient work and making the best prisoners, shall be entitled to an additional credit of one day for every five (5) days of work, the guard or a custodian of such prison to determine at the *end* of each five days of such imprisonment whether or not such prisoner is entitled to such credit, and to make record of such decision and notify the prisoner of the same. (emphasis added)

Work credit is further authorized by 57 O.S.1981, § 58.3, which provides:

Prisoners employed as provided herein shall be given a credit of two (2) days on a jail sentence for each day worked, and a credit of two dollars ($2.00) per day upon a payment of a fine, if sentenced for nonpayment of a fine.

This work credit is allowed for work performed in accordance with Chapter 2 of Title 57, i.e. 57 O.S.1981, §§ 41 through 67. The work authorized for prisoners in the county jail is set forth in 57 O.S.1981, §§ 58 and 58.1. Further guidance as to the type of work allowed and work credits authorized is found in 69 O.S.1981, §§ 613, 614 and 615.

Prisoners in a county jail are also allowed credits for good behavior and blood donations in accordance with the provisions of 57 O.S.1981, § 65, which states:

Any person in this state convicted of a crime, who is serving time as a prisoner in the county jail of any county in the State of Oklahoma as a result of said conviction of crime, shall be entitled to receive five (5) days credit for every four (4) days' time in said county jail provided said prisoner shall have obeyed the rules and regulations promulgated by the sheriff in charge of said county jail in a satisfactory manner. Each prisoner shall also, in addition thereto, be entitled to a deduction of three (3) days for each pint of his blood he donates during his first thirty (30) days of confinement in the county jail, and to five (5) days for each pint of his blood he donates during any sixty-day period thereafter to the American Red Cross or to a hospital approved for such purpose by the sheriff. And the sheriff of said county is hereby authorized to order said credit to be given to said prisoner on the records of the court out of which said conviction is had.

■ The record in this case reflects that the Sheriff and defense attorney had agreed on a predetermined "target date" for the release of the Petitioner wherein the work and good time credits were allotted prior to any time served by the Petitioner (TR. Feb. 8, 1990, Pg. 11). This is an incorrect reading of 57 O.S.1981, §§ 20, 58 and 58.1.

The sheriff's office acted beyond its scope of authority by entering into an agreement with Petitioner's attorney in direct contradiction to the court's sentence of one year. *Ex parte Porter*, 60 Okl.Cr. 327, 64 P.2d 1235 (1937), holds that:

an agreement by court, county attorney, and sheriff with the Petitioner to satisfy the judgment and sentence was wholly unauthorized and without authority of law ... The judgment held valid and sentence unserved. 64 P.2d at 1238.

The record is void of any evidence that Petitioner actually worked, and worked efficiently, to merit any credit on work per-

formed, pursuant to 57 O.S.1981, § 20 or § 58.3. Further, evidence was not presented that he obeyed the rules and regulations promulgated by the Sheriff in charge of the county jail in a satisfactory manner, proof of which the Sheriff must file in the court out of which the conviction was entered, so that legitimate credit could be given. *See* 57 O.S.1981, § 65. That is to say, the Sheriff must file proof of the work or compliance with the Court Clerk in the District Court where Petitioner was convicted, and the credits must be put on record in that court.

Furthermore, 57 O.S.1981, § 48(4), Jail Register, provides:

The Sheriff, or other officers performing the duties of sheriff of each county in this state shall procure ... a suitable book, to be called the jail register, in which the said sheriff, by himself or his jailer, shall enter:

4. Whether any or what labor has been performed by the prisoners, and the value thereof.

Pursuant to 57 O.S.1981, § 49, the sheriff shall furnish a copy of the register to the District Court in that county. Also, 57 O.S.1981, § 50, provides the sheriff shall make a report of the jail from the jail register and file with the District Court Clerk, the County Clerk, and the Secretary of State. There is no evidence of any jail register within which Petitioner's work time credits or good time credits are entered. The record is void of any Sheriff's report filed with the Custer County Court Clerk regarding Petitioner's work credit or good time credit. To the contrary, there is evidence both in the jailer's log and letter, and the letters to jailer by Petitioner himself to support the fact that Petitioner caused trouble and was locked down as a result. (Tr. Feb. 2, 1990, Exhibit 4).

The record shows that prior to Petitioner entering his plea of guilty for the offenses of Eluding a Police Officer and Reckless Driving (for which the trial court sentenced Petitioner to receive two sixty (60) day sentences to run concurrently with the one-year May 11, 1989, sentence), Petitioner's attorney obtained a letter from the Custer County Sheriff's office stating that Petitioner could discharge the balance of his one-year sentence by serving a maximum of sixty (60) days in the county jail. (Tr. Feb. 2, 1990, Court's Exhibit 4). The statutes are based on work actually performed if a prisoner is admitted to a work program. This could not be determined in advance.

Further, Petitioner contends that he is entitled to credit while released from prison due to his status as a "trusty". However, *Ex parte Eley*, 9 Okl.Cr. 76, 130 P. 821, 823 (1913), relied upon by the Petitioner, states, "The county attorney and sheriff are without color of power of any kind to release a prisoner ... they cannot, in the least, vacatè, modify, or change a judgment of the court, and the court itself can only modify, vacate, or set aside a judgment upon lawful grounds". The agreement between Petitioner's attorney and the sheriff's office had no authority of law and no enforceability. Therefore, the court's judgment and sentence in CRM–89–138, September 8, 1989, where Petitioner was sentenced to serve two (2) sixty (60) day sentences to run concurrently with each other and the one-year sentence imposed on May 11, 1989, in Case No. CRM–88–344 are the sentences for which the Petitioner must complete his time.

Although the Petitioner attempts to justify his agreement between his attorney and the sheriff's office by relying on *Ex parte Eley*, the Petitioner has completely misread *Eley* and manipulated both the facts and the opinion in that case. The facts in *Eley* are as follows: Eley was incarcerated on the 15th day of April, 1912, upon commitment issued out of the county court and he was sentenced to 30 days imprisonment and a fine of $50.00, or 25 days in addition if the fine was not paid. Upon agreement between the county judge, sheriff, and county attorney, Eley was released on April 15, 1912. No written release, however, was ever filed with the jailer. On the 12th day of August, 1912, the court issued another commitment on the same judgment which was executed on the 15th day of the same month. On August 17, 1912, Eley

made application for writ of habeas corpus and was released from jail pending a determination of his application. The court went on to say that when a judgment is pronounced and no appeal is taken, a commitment issued and the prisoner delivered to the custody of the county jailor, there are only three ways for him to be released lawfully until the judgment is satisfied: First, by habeas corpus, on the ground that the judgment is void; second, by order of the court when the judgment is vacated or set aside upon lawful grounds; third, by parole or pardon from the Governor. Any other discharge or release is without authority of law. *Id.* 130 P. at 823. *Eley*, citing *Ex parte McClure*, determined:

> The county court was without authority to grant a parole. Under the Constitution that is the prerogative of the supreme executive power vested in the Governor; and the only affect of the order discharging the Petitioner on probation, upon good behavior, was to modify the judgment imposing the fine, and directing imprisonment until such fine is satisfied, thus making the fine, in effect, nothing more than a civil judgment to be satisfied by execution on a judgment in a civil action. *Id.* 130 P. at 823.

Regarding the court's use of the term "trusty", the Petitioner in *Eley* was in the custody of the sheriff and subject to his call at all times until the expiration of the prison sentence. Eley was, in legal effect, a "trusty". *Id.* 130 P. at 823. Therefore, Petitioner's understanding of the term trusty as applying to trusty status of a prisoner while in prison is misconstrued. No statutory authority exists for the term of "trusty status" while in prison nor does any case law support the definition of such a term. The legal definition of "trusty" is "a prisoner who, because of good conduct, is given some measure of freedom in and around the prison". Black's Law Dictionary 1358 (5th ed. 1979). The decision in *Eley* was to grant the writ of habeas corpus due to the fact that 55 days had expired since the April 15th incarceration. The court held the judgment of the court was satisfied in law, if not in fact, and Petitioner was entitled to the writ of habe-

as corpus releasing him from further imprisonment. *Eley*. 130 P. at 823. The Petitioner in the case at hand was absolutely released from the county jail without any order or authorization of the Court. He at no time reported back to the sheriff or was under the responsibility of a parole officer. He was in error discharged as having completed his prison sentence based on the legal advice his attorney gave to the jailer.

There appear to be inconsistencies throughout the record. The Criminal Appearance docket, filed with the Custer County Court Clerk on March 27, 1990, omits Petitioner's recommitment hearing of September 11, 1989, wherein Petitioner was ordered to complete his one-year sentence. The Judgement and Sentence ordered by the court on September 11, 1989, for two (2) sixty (60) day sentences directs those sentences to run concurrent with each other and with the remainder of the one-year sentence. However, the Petitioner's Jail Record dated September 11, 1989, shows release November 9, 1989, with the remarks, "60-day flat, 'no time off'". Again, the court ordered Petitioner recommitted on December 28, 1989, to serve the remainder of the one-year sentence. However, the Petitioner's Jail Record dated December 28, 1989, shows Petitioner's release on January 16, 1990, with the remarks, "20 days C.J." (Neither of the Petitioner's Jail Records show any time allowed for good behavior.) (Tr. Feb. 2, 1990, Exhibit 4). Aside from pages with notes in handwriting, no official record filed with Custer County District Court Clerk is evidenced. (Tr. Feb. 2, 1990, Exhibit 4, and Tr. Dec. 28, 1989, pg. 30, Exhibit 1.)

██ Petitioner's argument that he has completed his one-year sentence because his days while released from the county jail should be counted as credited toward his sentence is not supported by case law. The Court in *Ex parte McClure*, 6 Okl.Cr. 241, 118 P. 591 (1911), held that when a prisoner is released after one month for a six month sentence without authority of law, by order of the county court, the time of his absence cannot be considered as spent in jail in

satisfaction of the sentence, but in that case the defendant had already served the maximum term of imprisonment prescribed by the statute and the writ was granted. Expiration of time without imprisonment is in no sense an execution of the sentence. *Ex parte Porter*, 64 P.2d at 1237, *citing Ex parte Alexander*, 5 Okl.Cr. 196, 113 P. 993 (1911).

 Therefore, Petitioner is not being illegally detained since he has not completed serving the balance of his one-year sentence for the above-mentioned reasons. As stated above, as of January 16, 1990, Petitioner had served flat time totaling 120 days. Therefore, as of his recommitment on March 6, 1990, Petitioner had a balance of 245 days to serve. As set forth herein, the evidence presented does not support the granting of any credits in this computation.

Accordingly, this Court finds that the Petitioner's request for a writ of habeas corpus should be, and hereby is, DENIED.

IT IS SO ORDERED.

/s/Ed Parks
ED PARKS, PRESIDING JUDGE

/s/James F. Lane
JAMES F. LANE, VICE PRESIDING JUDGE

/s/Tom Brett
TOM BRETT, JUDGE

/s/Gary L. Lumpkin
GARY L. LUMPKIN, JUDGE

/s/Charles A. Johnson
CHARLES A. JOHNSON, JUDGE