Jimmy Dale HALLMARK, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. H–90–0519.

Court of Criminal Appeals of Oklahoma.

July 5, 1990.

ORDER DENYING HABEAS CORPUS

Petitioner, Jimmy Dale Hallmark, has filed a request for habeas corpus relief with this Court asserting that his confinement in the Tulsa County Jail is illegal because his sentence has not been reduced by crediting him with additional days pursuant to 57 O.S.1981, § 58.3 for time which he has spent employed in the jail's kitchen

as a cook[1]. Petitioner also requests this Court to order that he be credited with additional days off his sentence based on his willingness to give blood notwithstanding that there is no blood donor program at the Tulsa County Jail. He claims that if he received these credits, he would be eligible for immediate release. We have reviewed Petitioner's claims and do not find his claims to be supported by the statutes which control the serving of jail sentences.

■ At issue in this case is 57 O.S.1981, § 58.3, which provides:

> Prisoners employed as provided herein shall be given a credit of two (2) days on a jail sentence for each day worked, and a credit of Two Dollars ($2.00) per day upon the payment of a fine, if sentenced for nonpayment of a fine.

The terms of the statute make it clear that the section is meaningless when considered standing alone and that it must be applied to other statutory criteria "as provided herein." As conceded by Petitioner, § 58.3 must be read in conjunction with § 58.1 and § 58.2. Those sections provide:

> § 58.1 Maintenance of courthouse and grounds by prisoners
>
> From and after the effective date of this Act any and all prisoners committed to the County Jail pursuant to sentence of any state court for nonpayment of a fine or jail time, shall *upon order of the County Commissioner* be required to assist in maintaining, repairing or beautifying the County Courthouse and the grounds thereof. (Emphasis added.)
>
> § 58.2 Order by Sheriff for performance of duties by prisoners—Guards
>
> The Sheriff *upon such request of the County Commissioners*, shall issue his order requiring the prisoners to perform such duties under the direction of the Maintenance Superintendent or Janitor of the County Courthouse, upon request of the Maintenance Superintendent or Janitor, and shall supply such guards as may be necessary to prevent an escape by the prisoners. (Emphasis added.)

When we consider the message of § 58.3 in combination with these other two sections, it becomes clear that the additional time credits only apply when the inmate is employed in the maintenance of the county courthouse or its grounds *at the direction of the County Commissioners*. Petitioner's job as cook does not meet this criteria.

Similarly, we are not persuaded by Petitioner's argument that the Commissioners had constructively ordered him to work inside the jail in fulfillment of their obligation to inspect the jails. He makes this same argument with respect to the sheriff's obligation to maintain the jail facilities. This argument is misplaced for several reasons. First, no matter what work is being performed by the inmate inside the jail, or the purpose of the employment, it does not meet the requirement that the employment involve the maintenance or beautification of the courthouse or its grounds. Secondly, while the commissioners and the sheriffs of the various counties are responsible for the upkeep of the jail, there is nothing in our laws which prohibits the sheriff from establishing a "trustee" classification which is earned in return for work undertaken in the jail during the prisoner's term of confinement.

Petitioner makes much of the fact that he is classified within the jail as a trustee. He asserts that this status somehow automatically makes him eligible for the § 58.3 extra credit. We must disagree with this conclusion based upon the clear language of the statutes. Petitioner fails to cite any authority for his theory that his classification as a trustee affords any relief from his sentence other than greater freedoms and privileges within the jail walls.

The computation of Petitioner's time served must be determined under the general provisions of 57 O.S.1981, § 20 and 57 O.S.1981, § 65. Petitioner claims that the Tulsa County Sheriff is violating § 20 by not awarding extra credits for efficient work, but once again, we find that this benefit does not accrue to inmates perform-

---

**1.** Petitioner also asks us to restrict the dollar credit given against a fine under the same provi-   sion. Insofar as Petitioner owes no fine, we will not address these concerns.

ing jobs within the jail. The pertinent portion of § 20 provides that:

> "Every county ... convict in this state ... shall receive credit upon his or her fine and costs of one dollar for each day so confined in prison, *or worked upon the public highways, rock pile, or rock crusher, or public work;* provided that those prisoners or convicts doing and performing the most efficient work and making the best prisoners, shall be entitled to an additional credit of one day for every five days of work...." as determined by the guard or custodian of the prison. (Emphasis added.)

We find that the job performed by Petitioner does not fall into any of the classifications established by the statute.

■ Finally we must address Petitioner's claim that he is entitled to credit on his sentence for donation of blood which he claims he would have donated had he been given the opportunity. While 57 O.S.1981, § 65 certainly provides for the mandatory crediting of time for certain amounts of blood given, it does not mandate that the inmate be given the opportunity to give blood. In this instance, it is enough to say that Petitioner is not entitled to the credit because the blood was not donated. We will not inquire into the reasons why the Tulsa County Sheriff has not implemented a blood donation program because we do not find that the Sheriff has a statutory duty to do so.

We have reviewed the claims of Petitioner and find that he has been properly credited with all the time credits for which he is eligible. Accordingly, we find that he has failed to support his burden to show that he is being illegally incarcerated, thus we must DENY Petitioner's request for habeas corpus relief. *Sissney v. State*, 792 P.2d 1181 (Okl.Cr.1990)

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS,
Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge