THERIOT, J.,
concurring and assigning reasons.
|! This case presents a unique set of circumstances. Both parties raise legitimate arguments in support of their respective positions. However, before we can have a discussion of the separation of powers and the principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment of the United States Constitution, we must first resolve the issue of the trial court’s authority to amend Mr. White’s sentence.
I agree that the trial court exceeded its authority and the matter should be remanded. Considerable discussion centered on La.C.Cr.P. art. 881 and when execution of the sentence commences. The majority relies on La. R.S. 15:566.2 to determine the commencement of Mr. White’s sentence. However, La. R.S. 15:566.2 does not apply when a prisoner “has been released on bail or perfected a suspensive appeal”. See La. R.S. 15:566.2. Mr. White was released on bail; therefore, in my opinion, La. R.S. 15:566.2 does not apply to the present case.
I find that Mr. White’s sentence commenced on February 16,1996. That is the date the trial court remanded Mr. White to the physical custody of the sheriff. The Louisiana Supreme Court has held that the word “execution,” as it relates to criminal sentences, is defined as “the process of performing a judgment or sentence of a court”. State v. Brown, 451 So.2d 1074, 1078 (La.1984). In this case, the ^process of performing the sentence commenced when Mr. White was remanded to the custody of the sheriff. At that point, pursuant to La.C.Cr.P. art 881, the trial court was prohibited from amending the sentence.
I also agree that the facts of this case differ from the facts of the Roberts case.[1] Therefore, Roberts is not controlling in this matter. However, I do reserve judgment as to whether the reasoning of Roberts should apply to this case.
Pursuant to LA.C.Cr.P. art 881.4(A), it is appropriate to remand this matter to the trial court for further proceedings. Although the trial court’s jurisdiction has been divested, the State has filed a motion with the trial court, thereby subjecting the State to the jurisdiction of the trial court as it pertains to the motion to revoke *182 appeal bond and a motion to execute sentence pending. Like any other motion filed before a trial court, the trial court may grant the motion or the trial court may deny the motion. I would advise the trial court to hold a contradictory hearing to allow both parties to argue their well-founded positions. Furthermore, the trial court should provide written reasons to substantiate its denial, or granting of the motions. Once a decision is rendered on the State’s motions, this court would be in the proper position to discuss the constitutional questions being raised by the parties.
HIGGINBOTHAM, J.
|,First, I acknowledge that the loss of baby Brittany is a terrible tragedy that no parent should have to endure, and I in no way want to dimmish that tragedy.
As espoused by the Louisiana Supreme Court in State v. Kline, 475 So.2d 1093 (1985) (per curiam), and State v. Roberts, 568 So.2d 1017 (La.1990) (per curiam), reincarceration at this time of Mr. Stanley White would be inconsistent with fundamental principles of liberty and justice. Therefore, I respectfully disagree with the decision of the majority to remand the matter, and I would affirm the judgment of the trial court.
The Roberts[1] court found that execution from the beginning of relators’ sentences more than seven years after they were initially imposed and more than six years after the sentences were affirmed on appeal was inconsistent with fundamental principles of liberty and justice. The court held that due process and fundamental fairness required that it fashion an appropriate relief. Under the particular circumstances of the case, the court concluded that the defendants should be released on parole considering the nature of the offenses, the sentences imposed, the lapse of time without ^execution of the sentences, their exemplary conduct, and the absence of any fault or wrongdoing on their part. Roberts, 568 So.2d at 1019.
In Kline, the defendant was released from custody on his sentence of one and one-half years at hard labor for attempted possession of a firearm. The court stated that there was no evidence in the record that the defendant had any part in securing his release from the parish jail on order of the district court judge within fifteen days of the date he surrendered himself after his conviction and sentence were affirmed on appeal. The sheriff and district attorney’s office were aware of the situation and took no action while the defendant reestablished himself in the community, obtained work, and avoided any further problems with the authorities. The court reasoned that under those circumstances, re-incarceration of the defendant to serve the balance of his term would be inconsistent with the fundamental principles of liberty and justice. Kline, 475 So.2d at 1093.
In the instant case, the tragic accident occurred nearly twenty years ago when Mr. White was 19 years old. After his trial and appeal, Mr. White had no notice to report to the sheriffs office on a particular date and no arrest warrant was ever sought by the State. Mr. White did not violate any conditions of his bond. Moreover, there has been no explanation for the State’s delay in executing the sentence. Further, since his conviction, Mr. White obtained a bachelor’s degree, a realtor’s license, full-time employment, has had no *183 arrests and took no steps to prevent the lawful execution of his sentence.
Under the unusual circumstances of this case, considering the rationale of Kline and Roberts, due process and fundamental fairness require that the court fashion an appropriate relief. The record reveals that Mr. White has been a model citizen for twenty years, has established himself in lathe community, and has avoided further problems with the authorities, thereby demonstrating his capacity to rehabilitate himself in a non-custodial setting. In this case, due process and fundamental fairness support the judgment of the district court. I find that the district court fashioned an appropriate relief in modifying Mr. White’s sentence to give him credit for time served, suspending his previously imposed two-year sentence, and placing him on supervised probation for two years. Therefore, I would affirm the judgment of the trial court.

. 568 So.2d 1017 (La.1990).

. Although the procedural posture of the Roberts case is different from this case, the fundamental principles of liberty and justice adopted by the Louisiana Supreme Court remain the same.