PER CURIAM.
h Granted. The trial court erred in granting defendant’s motion to correct an illegal sentence and in resentencing defendant to 21 years imprisonment at hard labor, thereby releasing him from custody with credit for time served. The decision in Miller v. Alabama, 567 U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), does not apply retroactively to final sentences subject only to collateral attack at the time it was decided. State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, cert. denied, — U.S. — , 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014). The trial court is ordered to hold an expeditious contradictory hearing within the next 15 days with the state, to determine whether recommitting defendant to the custody of the Department of Corrections “would be inconsistent with fundamental principles of liberty and justice.” State v. Kline, 475 So.2d 1093 (La.1985); see also State v. Roberts, 568 So.2d 1017 (La.1990).
GUIDRY, J., dissents in part and assigns reasons.